UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS FLORES SEGURA,

          Petitioner,

  v.                                              Case No. 19-cv-335-pp

IMMIGRATION AND CUSTOMS ENFORCEMENT,
SHERIFF BILL PRIM, and
ATTORNEY GENERAL U.S. DEPARTMENT OF JUSTICE,

          Respondents.

**ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 6, 2019, the petitioner, by counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. This order dismisses the petition for lack of subject matter jurisdiction because there is no case or controversy for the court to resolve.

A.    Background

The petitioner indicated that at the time he filed the petition, he was in custody following his apprehension by the Immigration and Customs Enforcement (ICE). Dkt. No. 1 at 2. The petition alleged that the petitioner "was arrested in Milwaukee, WI in or around July of 2000 for allegedly possessing manufacturing/delivering cocaine" and that he eventually pled guilty to maintaining a drug trafficking place as a party to a crime. Id. The petitioner

1

asserted that at the time he finished serving his sentence around March of 2001, he was not taken into ICE custody. Id.

The petition alleges that eighteen years later, on January 14, 2019, the petitioner was apprehended by Immigrations and Customs Enforcement. Id. It asserts that ICE officers and an immigration judge denied bond under 8 U.S.C. §1226(c) based on the prior conviction for maintaining a drug trafficking place. Id. The petitioner argued that §1226(c) does not mandate his detention because ICE did not detain him in March 2001 when he completed his criminal sentence. Id. at 3. He asserted that because ICE waited eighteen years to arrest him, §1226(a) applies. Id. at 3-4. He argued that under §1226(a), he qualified for release while awaiting proceedings before an immigration judge because he was not a danger to the community, was not a national security threat and "the criminal complaint in [his] 2000 drug case is, at best, extremely light on connecting him to the essential elements of the offense." Id.

B.  Standard

Under Rule 1(b) of the Rules Governing 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen," the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the

2

respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Title 8 U.S.C. §1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Section 1226(a) gives the government discretion, stating that the government "may" arrest and detain the alien person, and providing the government the option of continuing to detain the alien or releasing him on bond or conditional parole. Id. at (a)(1)-(2). In contrast, §1226(c) says that the government "shall" take into custody any alien who (1) is inadmissible for having committed certain offenses, (2) is deportable for having committed certain offenses, (3) is deportable for receiving a sentence for certain offenses and (4) is inadmissible or deportable for having engaged in certain activity. Section 1226(c)(1)(B) requires the government to take into custody an alien who is deportable by reason of having committed any offense covered in 8 U.S.C. §§1228(a)(2)(A)(ii), (A)(iii), (B), (C) or (D). Relevant to the petitioner's circumstances, §1227(a)(2)(B) defines as deportable any alien

> who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana[.]

There is a "hanging paragraph" in §1226(c). Section (c)(1) says that the Attorney General shall take into custody "any alien who," then lists four categories of aliens subject to mandatory custody. At the end of the fourth category (§1226(c)(1)(D)), there is a comma, followed by this unnumbered,

3

indented language: "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."

C. Analysis

The petitioner argues that the above language applies to the four categories of aliens who must be detained and asserts that "[t]he operative word in 8 U.S.C. §1226(c) is 'when.'" Dkt. No. 1 at 2. He contends that "[t]he plain language of the statute states that aliens may only be taken into custody when released from custody for the time underlying the deportation proceedings." Id. at 2-3 (citing 8 U.S.C. §1226(c)). The petitioner argues that "'when' is the operative word because the idea behind the statute is that the alien should not be released into the community based on safety concerns." Id. at 3 (citing Hosh v. Lucero, No. 1:11-CV-464, 2011 WL 1871222 (E.D. Va. May 16, 2011), rev'd and remanded, 680 F.3d 375 (4th Cir. 2012). He asserts that because ICE did not detain him upon his release in 2001, "then ICE must have not had concerns about whether he was a danger to the community." Id. Citing Hosh and other cases, the petitioner states that "[d]istrict courts have been roundly rejecting ICE's policy of mandatory detention when a significant amount of time has elapsed since the alien's release from custody." Id. (citing Hosh, 2011 WL 1871222; Bracamontes v. Desanti, No. 2:09CV480, 2010 WL 2942760 (E.D. Va. June 16, 2010), report and recommendation adopted, Case No. 2:09-CV-480, 2010 WL 2942757 (E.D. Va. July 26, 2010); Khodr v. Adduci,

4

697 F. Supp. 2d 774 (E.D. Mich. 2010); Louisaire v. Muller, 758 F. Supp. 2d 229, 236 (S.D.N.Y. 2010); Burns v. Cicchi, 702 F. Supp. 2d 281 (D.N.J. 2010); Scarlett v. U.S. Dep't of Homeland Sec. Bureau of Immigration & Customs Enf't, 632 F. Supp. 2d 214, 219 (W.D.N.Y. 2009)).

Due to the court's heavy case load and backlog, this case has been pending for two years. It appears that ICE has already removed the petitioner. The court's staff contacted the Community Relations Office of the Chicago ICE Field Office. A staff member in that office informed court staff that the petitioner was removed to Mexico on June 14, 2019. The court performed an inmate locator search through the ICE inmate locator using the petitioner's A-number, which turned up no results. https://locator.ice.gov/odls/#/index (last visited March 16, 2021).

Because it seems that the petitioner is no longer in the country, it appears there is no "case or controversy" over which this court has jurisdiction. See Mjili v. Pollard, No. 16-CV-173-PP, 2016 WL 4626562, at *2–3 (E.D. Wis. Sept. 6, 2016) (dismissing case after petitioner's removal for failure to meet Article III "case or controversy" requirement for subject matter jurisdiction). That means the court does not have subject matter jurisdiction to decide the merits of the petitioner's arguments.

The court will dismiss the case without prejudice. If the court is wrong, and the petitioner still is in the United States and still is in custody, counsel or the petitioner may notify the court and ask the court to vacate this order.

D.  Conclusion

The court **ORDERS** that the petition is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Under Fed. R. Civ. P. 4(i), the court will send a copy of the petition and this order to Bill Prim, the Sheriff of McHenry County, Illinois; the United States Attorney for this District; and via registered or certified mail to the United States Attorney General in Washington, D.C.; United States Immigration and Customs Enforcement and the United States Department of Homeland Security.

Dated in Milwaukee, Wisconsin this 25th day of March, 2021.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**